## GEORGE SCOVILLE

*v.*

## THE TRUSTEES OF SCHOOLS.

CONTRACT—*for special services—plaintiff must perform before entitled to compensation.* If an agent or attorney, having undertaken to collect a debt for a certain share of what he may recover, finally abandons further effort as useless, and at a subsequent period, the principal receives payment through new instrumentalities, or from causes with which the agent has no connection, the latter can not claim the share to which his contract would have entitled him if payment had been secured by his own efforts.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The facts are stated in the opinion, except that appellant, who was a practicing attorney, entered into a contract with the trustees of schools (the appellees) to collect a debt which Haas owed the school fund, for which the attorney was to receive one-half of what he might be able to collect, and if he failed to collect, he was to receive nothing.

Mr. GEORGE SCOVILLE, *pro se.*

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

It is not necessary to decide whether the contract, of which appellant claims the benefit, is void on the ground that the policy of the law forbids the making of such a contract between the trustees of schools and the treasurer. Conceding that the contract was made, and that it was valid, still the appellant never performed what he undertook to do, and can not, therefore, claim the benefit of his agreement. If an agent or attorney, having undertaken to collect a debt for a certain share of what he may recover, finally abandons further effort as useless, and, at a subsequent period, the principal receives payment through new instrumentalities, or from causes with which the agent has no connection, he can not claim the share to which his contract would have entitled him if payment had been secured by his efforts. Such is the case at bar.

The appellant testifies his contract was made in the spring or summer of 1859, and, after various fruitless efforts to collect the debt, he learned, in 1864, that Haas, the debtor, had failed in business, in Ohio, and he gave up further effort.

The debt was originally secured by mortgages on lands in the neighborhood of Chicago, which, during these years, were worth much less than the amount of the debt; but the lands began to rise in value, and, in 1871, the trustees desired to foreclose the mortgages, of which there were several, upon different tracts. Application was made to appellant, who had the mortgages in his possession, for their return, and he then insisted upon his contract, which the trustees refused to recognize. They filed their bill to foreclose, in January, 1872; and the appellant, having been brought into the suit by a cross-bill filed by Haas, filed a cross-bill himself, claiming the benefit of his contract, made in 1859.

There is no merit in the claim. The trustees are collecting the debt by agencies wholly independent of the appellant,

and not within the scope of the contract made by him. That contract has been abandoned for seven years. If the trustees succeed in collecting their debt, it will be due to the increased value of real estate that has been under their control from the beginning.

The appellant had no agency in securing the lien on the land or in its rise in value. He testifies himself that when Haas failed, in 1864, he ceased expecting to collect anything. He has accomplished nothing, and if the trustees now succeed, their success will not be due to the efforts of appellant, but to a happy accident.

The decree dismissing the cross-bill of the appellant is affirmed.

*Decree affirmed.*